FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS

Jan 8, 2019

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RONNIE LATIOLAIS,                                              **PLAINTIFF**
**Individually and on Behalf**
**of All Others Similarly Situated**

vs.                        No. 5:19-cv-___**5006**___

**SPO NETWORKS, INC., KENDRA**                   **DEFENDANTS**
**SMITH and DELMER TOM SMITH**

## ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Ronnie Latiolais ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Daniel Ford, Chris Burks and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint—Class and Collective Action (the "Complaint") against Defendants SPO Networks, Inc., Kendra Smith and Delmer Tom Smith (collectively "Defendants"), he does hereby state and allege as follows:

### I.
### PRELIMINARY STATEMENTS

1.      This is a hybrid class and collective action brought by Plaintiff Ronnie Latiolais, individually and on behalf of all other similarly situated hourly-paid non-office employees who were employed by Defendants at their now-dissolved limited liability company, USA Metal Recycling, LLC ("USA Metal"), at any time within the three (3) year period preceding the filing of this Complaint, against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §

201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.      Plaintiff brings this action under the FLSA and the AMWA for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, as a result of Defendants' failure to pay Plaintiff and other hourly non-office employees proper overtime compensation for hours worked in excess of forty (40) hours per week.

3.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described, *infra.*

## II.
## JURISDICTION AND VENUE

4.      The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      This Complaint also alleges violations of the AMWA, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding.

6.      This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

7.      The acts complained of herein were committed and had their principal effect against Plaintiff within the Fayetteville Division of the Western

District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8.      Prior to the dissolution of USA Metal, Defendants did business in this District and a substantial part of the events alleged herein occurred in this District.

9.      Upon information and belief, the witnesses to overtime wage violations alleged in this Complaint reside in this District.

10.      Upon information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III.
## THE PARTIES

11.      Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12.      Ronnie Latiolais is an individual and resident of Washington County.

13.      Plaintiff was employed by Defendants as an hourly non-office employee at Defendants' USA Metal facility in Lowell within the three (3) years preceding the filing of this Complaint.

14.      At all times relevant herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

15.      USA Metal was a domestic limited liability company that is now dissolved. USA Metal has ceased operations and their former registered agent for service of process has resigned.

16.     USA Metal operated multiple ferrous metal scrap and waste facilities in Arkansas and other states, including the facility in Lowell at which Plaintiff was employed.

17.     Defendant SPO Networks, Inc. ("SPO"), was a foreign for-profit corporation incorporated and organized in the State of Idaho and registered and licensed to do business in the State of Arkansas, and may receive service of process through its last known registered agent for service of process, W. Asa Hutchinson III, at 912 West Central Avenue, Bentonville, Arkansas 72712.

18.     Upon reasonable information and belief, Defendant Kendra Smith ("Kendra") is an individual and resident of Washington County.

19.     Upon reasonable information and belief, Defendant Delmer Tom Smith ("Delmer") is an individual and resident of Washington County.

20.     Until February 1, 2017, Kendra and Delmer were the owners, shareholders, board members, and officers of USA Metal.  On February 1, 2017, Kendra sold 100% of her interest in the company to SPO (the "SPO purchase").

21.     Prior to the SPO purchase, Kendra and Delmer operated as employers alongside USA Metal, and each had the power to hire and fire Plaintiff, supervised Plaintiff's work and determine Plaintiff's work schedule, duties and tasks, and made decisions regarding Plaintiff's pay, or lack thereof.

22.     After the SPO purchase, Defendants SPO and Delmer operated as employers alongside USA Metal, and each had the power to hire and fire Plaintiff, supervised Plaintiff's work and determine Plaintiff's work schedule, duties and tasks, and made decisions regarding Plaintiff's pay, or lack thereof.

23.     USA Metal was at all times relevant hereto and prior to the SPO purchase operated as a single joint enterprise by and with Defendants Kendra and Delmer, with centralized policies, particularly regarding pay, being applied to all employees and with unified control and management.

24.     USA Metal was at all times relevant hereto and after the SPO purchase operated as a single joint enterprise by and with Defendants SPO and Delmer, with centralized policies, particularly regarding pay, being applied to all employees and with unified control and management.

25.     Together with USA Metal, Defendants, during their respective periods of ownership, acted jointly as "employers" within the meanings set forth in the FLSA and AMWA, and were, at all times relevant to the allegations in this Complaint, the employers of Plaintiff and all other hourly non-office employees.

26.     Defendants, during their respective periods of ownership, had unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employers through unified management.

27.     As a result of this unified operation, control, management, and ownership, with the authority to establish wages and pay policies, Defendants Kendra and Delmer operated as a single enterprise prior to the SPO purchase and Defendants SPO and Delmer operated as a single enterprise after the SPO purchase.

28.     Defendants were engaged in interstate commerce as that term is defined under the FLSA and the AMWA, and have during each of the three (3)

years preceding the filing of this Complaint had at least two employees that handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

29.     Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

30.     At all relevant times, Defendants continuously employed at least four (4) employees.

## IV.
## FACTUAL ALLEGATIONS

31.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

32.     During the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendants at their USA Metal facility in Lowell as an hourly non-office employee.

33.     After the SPO purchase, Defendants SPO and Delmer maintained the same hiring, management, and pay policies and procedures as were utilized at USA Metal prior to the SPO purchase.

34.     Defendants directly hired Plaintiff and other hourly non-office employees, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

35.    Plaintiff and other hourly non-office employees performed the same or similar duties related to the processing and preparation of metal scrap products, hauling pre- and post-processed scrap metals, and unloading and loading pre- and post-processed scrap metals, and they were regularly assigned to perform the same job duties as other employees, depending on the Defendants' needs and requirements.

36.    Plaintiff and other hourly non-office employees regularly worked in excess of forty (40) hours per week.

37.    It was Defendants' commonly applied policy to not pay Plaintiff and other hourly non-office employees a lawful overtime premium for all hours worked over forty (40) in a given week. Instead, Defendants would pay Plaintiff and other hourly non-office employees an amount equal to their regular hourly rate for each hour worked in excess of forty (40) per week.

38.    Defendants did not pay Plaintiff and other hourly non-office employees a lawful overtime premium of one and one-half (1.5) times their regular rate for all hours in excess of forty (40) in one or more weeks during the period of time relevant to this lawsuit.

39.    Plaintiff and other hourly non-office employees were and are entitled to lawful overtime compensation in the amount of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in each week.

40.    At all relevant times, Defendants knew or should have known that Plaintiff and other hourly non-office employees were working hours for which they were not receiving proper compensation.

41.     At all relevant times, Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff and other hourly non-office employees violated the FLSA and the AMWA.

## V.
## REPRESENTATIVE ACTION ALLEGATIONS

### A.     FLSA §216(b) Collective

42.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

43.     Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

44.     Plaintiff brings his FLSA claims on behalf of all hourly non-office employees employed by Defendants at any time within the applicable statute of limitations period, who were not paid a lawful overtime premium by Defendants for all hours worked over forty (40) per week and who are entitled to payment of the following types of damages:

A.     Proper payment for all hours worked and a lawful overtime premium for all hours worked for Defendants in excess of forty (40) hours in each workweek;

B.     Liquidated damages; and,

C.     Attorneys' fees and costs.

45.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" his written Consent to Join this lawsuit.

46.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed herein

and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

47.     The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.     They were classified by Defendants as non-exempt from the overtime requirements of the FLSA;

B.     They were paid hourly;

C.     They performed substantially similar job duties; and

D.     They were subject to Defendants' common policy of paying employees their regular hourly rate for hours worked in excess of forty (40) per week in lieu of an overtime premium of one and one-half (1.5) their regular hourly rate, in violation of the overtime requirements of the FLSA.

48.     Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds fifty (50) persons.

49.     In the modern era, most working-class Americans have become increasingly reliant on electronic means of communication, such as email and, most particularly, text messages, and generally use them more often in their daily lives than traditional U.S. Mail.

50.     Defendants can readily identify the members of the Section 16(b) Collective.  The names, email addresses, cell phone numbers, and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last

known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### B.    AMWA Rule 23 Class

51.    Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

52.    Plaintiff proposes to represent the class of hourly non-office employees who were employed by Defendants within the relevant time period within the State of Arkansas.

53.    Common questions of law and fact relate to all members of the proposed class, such as whether Defendants lawfully and properly paid the members of the proposed class for all hours worked, including a lawful overtime rate, in accordance with the AMWA.

54.    Common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

55.    The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for

workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

56.    Plaintiff is unable to state the exact number of the potential members of the AMWA class but believes that the class exceeds fifty (50) persons. Therefore, the class is so numerous that joinder of all members is impracticable.

57.    At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

58.    Concentrating the litigation in this forum is highly desirable because Defendants' USA Metal Recycling, LLC, was headquartered in and operated a facility in the Western District of Arkansas and because Plaintiff and all proposed class members worked in Arkansas.

59.    No difficulties are likely to be encountered in the management of this class action.

60.    The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as an hourly non-office employee for Defendants and experienced the same violations of the AMWA that all other class members suffered.

61.    Plaintiff and his counsel will fairly and adequately protect the interests of the class.

62.    Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

63.    Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendants.

## VI.
## FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

64.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

65.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA.

66.    At all relevant times, Defendants were jointly Plaintiff's "employer" within the meaning of the FLSA.

67.    At all relevant times, Defendants have been an enterprise engaged in commerce within the meaning of the FLSA.

68.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees one and one-half (1.5) times their regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

69.     Defendants failed to pay Plaintiff a proper and lawful premium of one and one-half (1.5) times his regular rate for all hours worked over forty (40) hours per week, despite his entitlement thereto.

70.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

71.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, as provided by the FLSA.

72.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.
## SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

72.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

73.     Plaintiff asserts this claim on behalf of all hourly non-office employees employed by Defendants within the three (3) years preceding the filing of this Complaint to recover monetary damages owed by Defendants to Plaintiff and members of the putative collective for unpaid overtime compensation for all the hours they worked in excess of forty (40) each week.

74.     Plaintiff brings this action on behalf of himself and all other similarly situated employees who were affected by Defendants' willful and intentional violation of the FLSA.

75.     29 U.S.C. § 206 and 29 U.S.C. § 207 require employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

76.     Defendants failed to pay Plaintiff and those similarly situated one and one-half (1.5) times their regular rate for all hours worked over forty (40) hours per week, despite their entitlement thereto.

77.     Because these employees are similarly situated to Plaintiff, and are owed lawful overtime compensation for the same reasons, the proposed collective is properly defined as follows:

**All hourly-paid non-office employees
of USA Metal Recycling, LLC, within the past three years.**

78.     Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

79.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, pre-judgment interest, and costs, including a reasonable attorney's fee, as provided by the FLSA.

80.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.
## THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

81.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

82.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA.

83.     At all relevant times hereto, Defendants were Plaintiff's "employer" within the meaning of the AMWA.

84.     Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees one and one-half (1.5) times their regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

85.     Defendants failed to pay Plaintiff a proper and lawful overtime premium of one and one-half (1.5) times his regular hourly rate for all hours worked over forty (40) per week, despite his entitlement thereto.

86.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

87.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, as provided by the AMWA.

88.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### IX.
### FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

89.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

90.     Plaintiff, individually and on behalf of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201 *et seq.*

91.     At all relevant times, Defendants have been an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

92.     Defendants failed to pay Plaintiff and members of the proposed class lawful overtime wages for all hours worked over forty (40) per week as required under the AMWA, despite their entitlement thereto.

93.     Plaintiff proposes to represent the AMWA liability class of individuals defined as follows:

**All Arkansas hourly-paid non-office employees of
USA Metal Recycling, LLC, within the past three years.**

94.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

95.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and the proposed class for monetary damages, liquidated damages,

and costs, including a reasonable attorney's fee, as provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

96.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X.
## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Ronnie Latiolais, individually and on behalf of all others similarly situated, respectfully prays as follows:

A.     That each Defendant be summoned to appear and answer herein;

B.     That Defendants be required to account to Plaintiff, the collective and class members, and the Court for all of the hours worked by Plaintiff and the collective and class members and all monies paid to them;

C.     A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

D.     A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and attendant regulations;

E.     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying employees;

F.     Judgment for damages for all unpaid overtime compensation under

the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

G.      Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and attendant regulations;

H.      Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

I.      Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and attendant regulations;

J.      An order directing Defendants to pay Plaintiff and members of the collective and class prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

K.      Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**RONNIE LATIOLAIS, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Christopher Burks
Ark Bar No. 2010207
chris@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com